UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JEFFERSON WAYNE GILL | CIVIL ACTION NO. 05-270-LC |
| VS. | SECTION P |
| PATSY D. CRYAR | JUDGE TRIMBLE |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of plaintiff, Jefferson Wayne Gill, filed *in forma pauperis* on February 10, 2005. At the time of filing this complaint, plaintiff was incarcerated at the David Wade Correctional Center in Homer, Louisiana. However, plaintiff was subsequently moved to the Steve Hoyle Rehabilitation Center in Tallulah, Louisiana. Plaintiff names Patsy D. Cryar, a court reporter in the 36th Judicial District Court, as his sole defendant herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

On October 22, 2003, plaintiff was convicted by a jury in the 36th Judicial District Court of vehicular homicide. Plaintiff states that he immediately requested an appeal based on insufficient evidence. Plaintiff claims that during the December 15, 2003 sentencing, he requested a copy of his trial transcript, hearings, and motions in regard to his criminal trial. Plaintiff states that the court informed him that a motion would have to be filed in order to request the documents. Plaintiff claims that he instructed his attorney to file the motion, and that on December 26, 2003, plaintiff, himself, wrote to the defendant requesting the documents.

Plaintiff states that on December 29, 2003, defendant responded to his request by advising plaintiff that she was unable to provide the requested transcripts free of charge without a court order. On the same day, plaintiff's court appointed attorney (Martha O'Neal) filed a designation of record on appeal wherein plaintiff, through his counsel, designated "the entire evidence and entire proceedings stenographically reported to be included in the record on appeal." [Doc. #1, p.4]. Plaintiff states that on February 9, 2004, his appellate attorney, Mr. Bauman, sent plaintiff an incomplete copy of his trial transcript, and a complete copy of his sentencing transcripts. Mr. Bauman explained to plaintiff that the transcript did not contain any evidence submitted at trial, thus, he would have to wait for the record to be prepared in order to view the evidence. In later correspondence, Mr. Bauman explained to plaintiff that closing arguments were not transcribed but that the objection mentioned had been transcribed. [Doc. #1, p.4]. Thereafter, plaintiff states that on May 7, 2004, he filed a motion for verbatim trial transcripts, state or local police investigation reports, verbatim transcripts of any pre-trial motion hearings, and verbatim sentencing transcripts. In response to this motion, plaintiff received an order requiring that he be provided with a transcript of the plea colloquy, sentencing and related court minutes without payment of cost. Plaintiff states that he received those documents.

The basis for plaintiff's claims herein are that there were several mitigating facts in the omitted portion of the trial records that plaintiff wanted to add to his appeal brief but that it was impossible for him to frame his arguments without a complete trial record. Thus, because plaintiff's "time had run out" plaintiff states that he had to settle for the appeal brief prepared by his attorney (Mr. Bauman) from the records provided to same. [Doc. #1, p.5]. As a result of the above, plaintiff seeks compensation of $500, 000.00, as well as the documents to which he is "entitled to as an indigent prisoner." [Doc. #1, p.6].

## LAW AND ANALYSIS

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir. 1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint, while short on details, sufficiently establishes his theory of liability with respect to the named defendant, and the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly recommends dismissal of the complaint.

**Failure to State a Claim**

With regard to the allegations of fault against the defendant, plaintiff has failed to state a claim for which relief may be granted. "[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)(emphasis supplied). Plaintiff's allegations simply do not support a finding that a constitutional violation has occurred or that the named defendant violated a constitutional right in regard to plaintiff's claims herein. Plaintiff's only claim is that he has not received all documents that he requested free of charge. First of all plaintiff is correct in that under Louisiana law, an indigent inmate must be provided with certain documents, namely: transcripts of their guilty plea colloquies; copies of the bill of information or grand jury indictment charging them with committing a crime; copies of the district court minutes for various portions of their trials; copies of transcripts of evidentiary hearings held on their applications for post-conviction relief; and copies of the documents committing them into custody. However, as to all other documents, an indigent inmate does not have an automatic, constitutional right to demand transcripts free of charge from the State. See, *Brown v. Cain*, 112 F.Supp.2d 585 (E.D. LA.,2000); *Bernard v. Criminal District Court Section "J"*, 653 So.2d 1174 (LA., 1995); *United States v. MacCollom*,

4

426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976); *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). In the present case, the information provided by plaintiff makes it clear that plaintiff received the documents that he was entitled to receive. Plaintiff also received the trial transcript, minus only the closing arguments. However, plaintiff states that his attorney informed him that while closing arguments were not transcribed, the mentioned objection had been transcribed. [Doc. #1, p.4]. Further, plaintiff states that in response to his motion for trial transcripts, police investigation reports, transcripts of pre-trial motion hearings, and sentencing transcripts, he received a court order instructing that plaintiff be provided with a transcript of the plea colloquy, sentencing and related court minutes without payment of cost. [Doc.#1, p.5]. Simply put, plaintiff's claims do not rise to the level of a constitutional violation.

Irrespective of the above, and possibly more importantly for the purposes of this court's analysis, even assuming that plaintiff did not receive the documents to which he was entitled, plaintiff's claims would still fail as he has not and can not sustain allegations of a constitutional violation on the part of the named defendant. More specifically, the only statement made in plaintiff's complaint as to the defendant court report is "On 12/26/03, I wrote the court reporter, Ms. Patsy D. Cryar requesting a copy of my trial transcripts, motions, and hearing held concerning case #CR-460-2001. Her response was 'I am unable to provide the requested transcripts free of charge without a court order.'" [Doc. #1, pp. 3 & 4]. That is the sum and substance of plaintiff's claim against the defendant–that she simply informed plaintiff that in order to provide the requested documents free of charge, she would need an order from the court instructing her to do so. Even taking all of plaintiff's allegations as true, his claim pertaining to the defendant simply does not rise to a constitutional level. Plaintiff does not allege any action taken by the defendant that could possibly be construed as violating plaintiff's constitutional rights. Rather, the defendant court reporter merely informed plaintiff of the need, imposed by

5

law, of a court order informing her as to what documents plaintiff was to receive free of charge. This action by the defendant certainly does not implicate the Constitution, and plaintiff's claim against the defendant court reporter is thus frivolous as a matter of law.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 10th day of August, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE